**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUTH ANN ELLIS,

  Plaintiff-Appellant,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,
a domesticated insurer,

  Defendant-Appellee.

No. 08-7072
(D.C. No. 6:07-CV-00410-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Plaintiff Ruth Ann Ellis appeals the district court's entry of summary

judgment in favor of defendant State Farm Fire and Casualty Co. ("State Farm").

Ms. Ellis sued in Oklahoma state court asserting that her homeowner's insurance

policy with State Farm covered damage to the concrete foundation slab of her

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

home, and she brought additional related claims. Invoking diversity jurisdiction, State Farm removed the case to the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 1332(a). There, both parties requested summary judgment on the issue of policy coverage. The district court held that the damage was not insured because it fell under the exception for loss caused by "continuous or repeated seepage or leakage of water or steam." *See* Aplt. App. at 321-22. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

We provide only a brief statement of the underlying facts that are pertinent to the issues presented on appeal. While doing some work at Ms. Ellis's property in 2002, Burl Faulk discovered that a drain pipe under the foundation of her house had broken and water was leaking out. He repaired the break. In 2006, a crack in the concrete foundation was discovered. Ms. Ellis made a claim on her homeowner's insurance policy with State Farm. After an investigation that included inspections by Mr. Faulk and two other foundation experts, State Farm ultimately denied the claim based on the policy's "continuous or repeated seepage or leakage" clause:

> We do not insure for any loss to the [insured] property . . . which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

> f.  continuous or repeated seepage or leakage of water or steam from a: . . . plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;
>
> which occurs over a period of time.  If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance.  We do not cover loss to the system or appliance from which the water or steam escaped . . . .

Aplt. App. at 175-76.

After her claim was denied, Ms. Ellis sued, asserting that the policy covered the damage to her home, and alleging that State Farm had breached its duty to deal with her fairly and in good faith.  The district court entered summary judgment in State Farm's favor on the ground that the damage to the concrete slab was excluded under the "continuous or repeated seepage or leakage" clause.  Ms. Ellis appeals, arguing that the clause is not applicable and renewing her bad-faith claim.  In addition, she appeals a pretrial ruling precluding her from presenting evidence on her claims for emotional distress and punitive damages.  Because we agree with the district court that the "continuous or repeated seepage or leakage" clause excludes coverage for the damage to the concrete slab, we do not address Ms. Ellis's other appellate arguments.

*Legal Standards*

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *Warren v. Liberty Mut. Fire Ins. Co.*, 555 F.3d 1141, 1145 (10th Cir. 2009). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c). To resist summary judgment, the nonmovant must demonstrate specific evidence of a genuine issue concerning a material fact, which requires a showing that a reasonable jury could find in the nonmovant's favor. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1249 (10th Cir. 2001). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is genuine . . . ." *Id.* (quotation omitted).

> Oklahoma substantive law applies to this diversity action. *See Air Liquide Am. Corp. v. Cont'l Cas. Co.*, 217 F.3d 1272, 1275 (10th Cir. 2000). Its approach to interpreting insurance policies is unremarkable: The foremost principle is that an insurance policy is a contract. Parties are at liberty to contract for insurance to cover such risks as they see fit and they are bound by terms of the contract. It necessarily follows that courts are not at liberty to rewrite the terms of an insurance contract. The interpretation of the policy, with its exclusions, is a law question, unless the facts necessary to apply the decided law question are in dispute.

> When addressing a dispute concerning the language of an insurance policy, our first step is to determine as a matter of law whether the policy language at issue is ambiguous. If it is not ambiguous, we accept the language in its plain, ordinary and popular

sense. We must construe the policy to give a reasonable effect to all of its provisions, construing liberally words of inclusion in favor of the insured and construing strictly words of exclusion against the insurer. *Duensing v. State Farm Fire & Cas. Co.*, 131 P.3d 127, 134 (Okla. Civ. App. 2005) (citations omitted) (summarizing Oklahoma Supreme Court caselaw). "Insurance contracts are ambiguous only if they are susceptible to two constructions." *Max True Plastering Co. v. U.S. Fid. & Guar. Co.*, 912 P.2d 861, 869 (Okla. 1996). When a contract is ambiguous, extrinsic evidence is necessary to resolve the ambiguity. *See Campbell v. Indep. Sch. Dist. No. 01 of Okmulgee County*, 77 P.3d 1034, 1039 (Okla. 2003). In considering ambiguous insurance contracts, courts "examine the policy language objectively to determine whether an insured could reasonably have expected coverage. . . . [A]mbiguities are construed most strongly against the insurer." *Max True*, 912 P.2d at 865.

*Yaffe Companies, Inc. v. Great Am. Ins. Co.*, 499 F.3d 1182, 1185-86 (10th Cir. 2007).

## *Analysis*

Ms. Ellis contends that the district court erred in applying the "continuous or repeated seepage or leakage" clause for three reasons: (1) the evidence on summary judgment was disputed as to whether the sand fill under the foundation was washed away by water or whether "the sand sifted into the drain pipe and was washed out by effluent that stayed within the pipe," Aplt. Opening Br. at 13; (2) the policy language refers to "water or steam," not to sewage, so the clause is either ambiguous or simply does not apply to this situation where the sand fill was carried away by sewage; and (3) under the doctrine of "reasonable expectations," Ms. Ellis is entitled to coverage because an insured would reasonably expect the

-5-

clause to apply to "a water supply line or a steam line, both of which are under pressure, rather than a drain line," *Id.* at 14.

We decline to address the merits of Ms. Ellis's "reasonable expectations" argument because she has raised it for the first time on appeal. We deem this issue waived because it was not presented to the district court. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) ("An issue is waived if it was not raised below in the district court.").

Turning to Ms. Ellis's argument that the policy's terms "water [and] steam" do not apply to a drain or sewer line, clearly the drain or sewer line contained water. The fact that it also contained waste matter does not alter the fact that it was water that carried away the waste. "Sewage" is defined as "refuse liquids or waste matter usually carried off by sewers." *Merriam-Webster's Online Dictionary*, http://www.merriam-webster.com/dictionary/sewage. Moreover, the policy excludes leakage or seepage from a "plumbing system, including from . . . [any] plumbing fixture." Aplt. App. at 176. A plumbing system includes a drain or sewer line. Consequently, we agree with the district court that the policy language is not ambiguous and that the exclusion applies to the drain or sewage line at issue here.

Finally, we address Ms. Ellis's argument that the evidence established a dispute over a material issue of causation, thus precluding summary judgment. She maintains that the district court erred in concluding that "[b]y all accounts,

-6-

the damage to Plaintiff's home was caused by the continuous leakage of water from the drain line repaired by Mr. Faulk in 2002." Aplt. App. at 322. Rather, she asserts that Mr. Faulk's deposition testimony showed that the sand fill under the foundation was depleted by sand sifting into the sewer pipe, rather than by the sand being washed away.

We have carefully reviewed the evidence provided by Mr. Faulk, particularly his deposition testimony on which Ms. Ellis relies. *See* Aplt. Opening Br. at 4 (citing Aplt. App. at 89, 91, 95, and 97). At his deposition, Mr. Faulk testified that when he repaired the leak in 2002, he saw that the fill under the concrete slab "was not up against the concrete like it's supposed to be. Most of it I'm sure was – was washed down the sewer line . . . ." Aplt. App. at 89. Mr. Faulk opined as to the cause of the crack as follows: "I think all the water that flowed underneath the house all that time caused the fill to wash down the drain." *Id.* at 91. He further indicated that sand compacted into the sewer line, which was caused by pumping water into the sand. *Id.* at 95. He also stated that he had cleaned out the clogged sewer pipe before the discovery of the crack and had seen fill sand in the sewer pipe. *See id.* at 89, 96-97.

In addition to Mr. Faulk's opinion, the district court had written reports by White Engineering Associates, Inc. and Ram Jack Foundation Repair concerning the reason the foundation slab cracked. White Engineering stated that "[t]he water likely washed out the supporting sand and soil, thus removing the support

-7-

of the concrete slab on grade." *Id.* at 98.  According to Ram Jack, "[t]he interior elevation loss and signs of damage are consistent with the effects of a plumbing leak." *Id.* at 204; *see also id.* at 264 (deposition testimony of the Ram Jack representative that the damage was consistent with a plumbing leak).

Mr. Faulk's opinion does not differ from those of White Engineering and Ram Jack, nor does it contradict the district court's conclusion that the damage to the slab was caused by the water leaking under the foundation.  Even if the water under the foundation caused the sand to wash into the drain pipe, it was the water that caused the sand to wash away.  Accordingly, no disputed issue of material fact remains as to whether the damage to the concrete slab was caused by continuous or repeated seepage or leakage of water.  Therefore, the district court's entry of summary judgment was appropriate.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-8-